[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12055
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00221-JA-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWARREN ANTOINE LEWIS,
a.k.a. Fella,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 23, 2015)

Before HULL, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dewarren Lewis appeals his convictions for armed robbery of a Wells Fargo bank, 18 U.S.C. § 2113(a), and brandishing a firearm, *id.* § 924(c)(1)(A)(i), and his sentence of 420 months of imprisonment for those offenses and for duplicate crimes at a Regions Bank. Lewis challenges the denial of his motions for judgments of acquittal of the two crimes at Wells Fargo, and the government argues that we should review Lewis's arguments for plain error because he failed to object to the sufficiency of the evidence on the grounds he now raises on appeal. Lewis also challenges the substantive reasonableness of his 60-month sentences for the armed robberies of Wells Fargo and Regions. We affirm.

The district court did not err, plainly or otherwise, by denying Lewis's motions for judgments of acquittal. Lewis argues that there is no independent evidence to corroborate his admissions that he robbed Wells Fargo and that he used a firearm. To corroborate Lewis's confession, the government had to introduce "substantial independent evidence" that "supports the essential facts admitted sufficiently to justify a jury inference of their truth." *Opper v. United States*, 348 U.S. 84, 93, 75 S. Ct. 158, 164 (1954). The government presented surveillance images and testimony that substantiated Lewis's admissions that he robbed Wells Fargo, 18 U.S.C. § 2113(a), and that he brandished a firearm during that crime of violence, *id.* § 924(c)(1). Consistent with Lewis's description of his attire and actions, the bank manager and a service representative testified that the robber

2

wore a sweat suit and a stocking over his face and that he forced the service representative at gunpoint to open a cash drawer from which the robber took $10,000. And those employees described the robber as a slightly built African-American man, which matches Lewis's physical characteristics. Lewis admitted to using a "nine" during the robbery, and a bank employee who had been a marksmanship instructor for the Marine Corps testified that the firearm used by the robber looked real because he retracted the slide to chamber a bullet, which exposed an inch of the barrel. Lewis does not deny that he robbed Regions Bank, and an agent of the Federal Bureau of Investigation testified that the robbery of Wells Fargo was perpetrated using the same "takeover" modus operandi, an uncommon method in which a single person takes control of a bank by force. Ample corroborative evidence supports Lewis's convictions.

The district court also did not abuse its discretion when it sentenced Lewis to concurrent terms of 60 months of imprisonment for the two armed robberies and ordered that those terms run consecutive to a mandatory minimum sentence of 360 months for his two firearm offenses, *see* 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(C)(i). Lewis argues that, because he was convicted in the Middle District of Florida, which is described in a 2011 report of the Sentencing Commission as having the third highest rate of multiple firearm convictions of any district in the United States, he was disproportionately subject to the mandatory minimum sentences

3

provided in section 924(c) and should have received a shorter sentence for the armed robberies. But the district court correctly calculated the advisory guidelines range and imposed sentences for the robberies that reflected the statutory purposes of sentencing. *See United States v. Cubero*, 754 F.3d 888, 900 (11th Cir.), *cert. denied*, 135 S. Ct. 764 (2014). And Lewis fails to identify any similarly situated defendant who received a more lenient sentence.

Lewis's sentence of 420 months of imprisonment is substantively reasonable. The district court found that Lewis was "a dangerous man." Within two and a half months, Lewis robbed two banks. During those robberies, he was violent with bank employees; he chambered ammunition in his gun to coerce at least one bank employee to comply with his demands; and he instilled such fear in one victim that her memory of the incident caused her to be "visibly shaken" at trial. After he robbed Regions Bank, Lewis attempted to evade capture by driving into an apartment complex, jumping out of his moving vehicle, which eventually crashed into a gate, and fleeing on foot. The district court reasonably determined that Lewis's armed robberies necessitated concurrent sentences of 60 months of imprisonment. *See* 18 U.S.C. § 3553(a). We ordinarily expect that a sentence within the guideline range is reasonable, *see United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008), and the 60-month sentence imposed for each bank robbery was well below the low end of Lewis's advisory guideline range of 120 to 150

months of imprisonment and even further below the statutory maximum sentence of 25 years, 18 U.S.C. § 2113(d). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). And the district court was required to impose a sentence of 60 months for Lewis's first firearm offense, *see* 18 U.S.C. § 924(c)(1)(A)(i), and a consecutive sentence of 300 months for his second firearm offense, *see id.* § 924(c)(1)(C)(i). Lewis's sentence is reasonable.

We **AFFIRM** Lewis's convictions and sentence.